## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CHAMOND HENDERSON   )
          )
    v.     )  **Civil No. 04-40119-NMG**
          )
UNITED STATES OF AMERICA  )
          )

### GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION TO AMEND

Chamond Henderson ("Petitioner") has moved to amend his 28 U.S.C. § 2255 petition. The proposed amendment apparently seeks to add a <u>Booker</u> claim to a 2255 Petition that otherwise asserts that all of the counsel who represented him in his underlying case provided him with ineffective assistance of couinsel.[1]

The government opposes the motion to amend. Because Henderson's 20-year sentence was governed by jury findings regarding the amount of crack cocaine for which he was responsible and by prior convictions that were already the subject of a due process claim on direct appeal, this case raises no <u>Blakely-Fanfan/Booker</u> issues. Because the proposed amendment would therefore be futile and in anyevent is untimely as a matter of law, leave to amend should be denied.

### ARGUMENT

The law applicable to motions seeking to amend pleadings in

---

[1]  The motion to amend is one-page long and provides the court with no information about the proposed amendment, why (if at all) it is different than the <u>Apprendi</u> argument raised on direct appeal, and why it should be permitted at this late date.

1

civil actions is straightforward.[2]  These motions are committed
to the discretion of this Court.  E.g., Demars v. General Dynamics
Corp., 779 F.2d 95, 99 (1st Cir. 1985); Farkas v. Texas
Instruments, Inc., 429 F.2d 849, 851 (1st Cir. 1970).  Although
leave to amend is normally to be freely given, it can be withheld
for any legitimate reason.  E.g., Resolution Trust Corp. v. Gold,
30 F.3d 251, 253 (1st Cir. Cir. 1994).  Such reasons can include
the futility of the proposed amendment.  E.g., Grant v. News
Group Boston, Inc., 55 F.3d 1, 5 (1st Cir.1995).

The amendment proposed in this case should be denied because
it is futile and not advanced in good faith.  The proposed
amendment seeks to add some sort of Booker claim based on a
perceived constitutional violation in connection with the
defendant's sentencing.  Yet, the defendant's sentencing was
based on: (i) a jury verdict in which the jury made specific drug
weight allegations as required by the underlying indictment; and
(ii) the defendant's criminal history (the fact of which was
undisputed) and was in any event fully litigated in the
underlying case and on direct appeal.  See United States v.

---

[2]  The First Circuit has recognized that the Federal Rules
of Civil Procedure applies to efforts to amend 2255 Petitions.
See Rogers v. United States, 180 F.3d 349 (1st Cir. 1999).  See
also 28 U.S.C. § 2242 (permitted Petitions to be amended or
supplemented as provided in the rules applicable to civil
actions); Rule 12 of the Rules Governing Section 2255
Proceedings(permitting court to apply rules governing civil
actions to 2255 proceedings).

Henderson, 320 F.3d 92, 110 (1st Cir. 2003) (Apprendi does not apply to sentencing enhancements based on prior convictions), cert. denied, 539 U.S. 936 (2003).   Because Booker has no application to sentences based on a jury verdict or ciminal history matters, the motion to leave to amend should be denied. See Blakely, 124 S. Ct. at 2537 (The Supreme Court thus found unconstitutional the imposition of a sentence under the Washington state system that was based on facts "neither admitted by [the defendant] nor found by a jury."). See also United States v. Leach, 325 F.Supp.2d 557, 559 (E.D. Pa 2004) (applying school zone and firearms enhancement to case in which defendant admitted to underlying facts; court noted that "in cases where a court, applying the Guidelines as they were intended, finds that there are no applicable upward adjustments under the Guidelines beyond the admitted facts or the jury verdict on the elements of the offense, the Guidelines are constitutional and should be applied"); United States v. Fotiades-Alexander, __ F.Supp.2d. __, 2004 WL 1845552 (E.D. Pa. August 12, 2004) (applying enhancements for amount of loss, vulnerability of victim and position of trust and responsibility based on statements admitted by defendant at plea hearing).

There is of course a more fundamental reason for denying the requested motion based its obvious futility–that the defendant's sentence was based on the application of a mandatory minimum

sentence and was therefore not a guideline sentence at all. Because the law is clear that neither <u>Blakely</u> nor <u>Booker</u> has any application to such cases, the motion to amend should be denied.

By its terms, <u>Blakely</u> did not overrule <u>McMillan v. Pennsylvania</u>, 477 U.S. 79 (1986) or <u>Harris v. United States</u>, 536 U.S. 545 (2002). 2004 WL 1402697, at *5. In <u>Harris</u>, the Court reaffirmed the holding of <u>McMillan v. Pennsylvania</u>, that a fact that increases a statutory <u>minimum</u> sentence within the authorized range may be found by the sentencing judge by a preponderance of the evidence, and limited the <u>Apprendi</u> rule to facts that increase a statutory maximum. 536 U.S. at 568-569; <u>id</u>. at 556-568 (opinion of Kennedy, J.); <u>id</u>. at 569-572 (opinion of Breyer, J.); <u>see also</u> <u>Blakely</u>, 2004 WL 1402697, at *5 (distinguishing <u>McMillan</u>). Pre-<u>Blakely</u> law in this Circuit concerning the application of <u>Harris</u> to sentences under Title 21 will thus continue to apply. <u>See</u> <u>United States v. Goodine</u>, 326 F.3d 26, 29-31 (1st Cir. 2003) (" a judge's determination of drug quantity can influence the mandatory minimum sentence imposed, and such incremental changes in the minimum are typical sentencing provisions determined by the judge"). <u>Compare</u> <u>United States</u> v. <u>Luciano</u>, 311 F.3d 146, 154 (2d Cir. 2002) (claim that the imposition of a mandatory minimum sentence under 21 U.S.C. 841(b) without a jury finding violates <u>Apprendi</u> "is not tenable after <u>Harris</u>") <u>with</u> <u>United States</u> v. <u>Velasco-Heredia</u>, 319 F.3d 1080,

4

1085 (9th Cir. 2003) (Harris does not apply to imposition of
mandatory minimum sentence under 21 U.S.C. 841(b) because, unlike
18 U.S.C. 924(c), finding which increases mandatory minimum
sentence under Section 841(b) also exposes defendant to higher
statutory maximum).

Post-Blakely cases specifically dealing with mandatory
minimums such as Spero v. United States, 2004 WL 1516863 (11th
Cir. July 8, 2004) (per curiam), support this position.  Spero
was convicted of heroin trafficking under 21 U.S.C. §841.  At
sentencing, the Court made a judicial finding by a preponderance
of the evidence that Spero's distribution had resulted in the
death of a heroin user and imposed the 20-year mandatory minimum
required by 21 U.S.C. §841(b)(1)(C).  On a subsequent section
2255 motion, however, the district court concluded that Apprendi
required the government to prove the overdose at trial and
reduced the sentence to 60 months (the otherwise applicable
guideline sentence without considering the overdose death).  The
government appealed that decision to the Eleventh Circuit.

In a decision which confirms one of the fundamental
limitations recognized by Justice Scalia's opinion for the Court
in Blakely, the Court of Appeals reversed.  It held that, because
the 20 year mandatory minimum sentence originally imposed by the
district court did not exceed the otherwise applicable statutory
maximum, there was no Apprendi error.  This is of course the law

in this circuit as well. E.g., United States v. Eirby, 262 F.3d 31, 37 (1st Cir.2001) (Apprendi does not effect the application of a mandatory minimum sentence in drug cases where the resulting sentence was less than 240 months; court noted that  Apprendi taken pains to preserve the authority of McMillan v. Pennsylvania, 477 U.S. 79, 81-84, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) which upheld a state statute that required a mandatory minimum sentence based solely on a judge's preponderance-of-the-evidence findings and concluded that the mere imposition of a mandatory minimum did not by itself implicate the due process issues raised by Apprendi); United States v. Robinson, 241 F.3d 115, 123 (1st Cir. 2001)("since McMillan clearly allows a fact that triggers a mandatory minimum sentence to be found by a judge using a preponderance-of-the-evidence standard as long as the mandatory minimum does not exceed the otherwise applicable statutory maximum, it forecloses [any argument that such mandatory minimums violate Apprendi]"). See also United States v. Harris, 122 S.Ct 2406 (2002)(mandatory sentences contained in 18 U.S.C. s 924 (c) remain sentencing factors so long as the sentence fall within the statutory maximum); United States v. Giluardo-Parra 340 F.Supp.2d 1243, 1246 (D. Utah 2004) (Blakely does not impact the application of minimum mandatory sentences)

Here, of course, the terms of the jury verdict demonstrate

6

that there could also be no legitimate Sixth Amendment claim
because the it was the jury that made the drug weight findings
based on the allegations of the indictment.

Apart from all its other defecienceies, the motion is also
untimely because a <u>Booker</u> claim is unrelated to the original
allegations and hence cannot relate back under the plain terms of
Federal Rule of Civil Procedure 15(c).

The <u>Booker</u> claim is being proposed more than two years after
the defendant's conviction was final and thus more than a year
after the one-year period made applicable to 2255 claims as a
result of Congress's enactment of the AEDPA expired.  Hence, the
proposed amendment can be timely only if it relates back to the
original Petition within the meaning of Federal Rule of Civil
Procedure 15(c) or if <u>Booker</u> was intended by the Supreme Court to
apply retroactively on collateral review.

The latter argument has been foreclosed in this circuit.
The First Circuit has already concluded that <u>Apprendi</u> and <u>Blakely</u>
does not apply retroactively on collateral review.
<u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 15 (1st Cir. 2000)
("[I]t is clear that the Supreme Court has not made the rule [in
Apprendi ] retroactive to cases on collateral review....). in
<u>Cuevas v. Derosa</u>, 2004 WL 2367356 (1st Cir. October 22, 2004).
denying an application for leave to file a second or successive
2255 petition because the Supreme Court has not yet made <u>Blakely</u>

retroactive to cases on collateral review).  The same rule applies to <u>Booker</u> claims at least until the Supreme Court or the First Circuit says differently.  Thus, the proposed amendment is untimely unless there is some way to conclude that it was brought within the applicable limitations period.  <u>See</u> <u>generally</u> <u>Talbot v. State of Indiana</u>, 2000 WL 1268166, at *1 (7th Cir. Sept. 7, 2000)(Until the Supreme Court declares that <u>Apprendi</u> applies retroactively on collateral attack, "prisoners should hold their horses and stop wasting everyone's time with futile applications.").

The Petitioner's only hope to save the proposed amendment would be to argue that the relation back provisions of Rule 15(c) of the Federal Rules of Civil Procedure are applicable in this case.  FRCP Rule 15(c) permits an amendment to relate back only if it arises out of the same "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In the context of 2255 Petitions, this requires more than the mere fact that the new claim arises out of the same trial or sentencing proceedings as the original claim. <u>E.g.</u>, <u>United States v. Davenport</u>, 217 F.3d 1341, 1343 (11th Cir. 2000).  In addition, a Petitioner seeking to have a revised 255 claim relate back must also show that the untimely claim arose from the "same set of facts" as the original. <u>Id</u>. Relation back cannot occur when, as here, the two claims arise from separate occurrences in both time

8

and type.  E.g.,  United States v. Pittman, 209 F.3d 314, 318
(4th Cir.2000) (proposed claim of ineffective assistance of
counsel could not relate back to original filing which contested
District Court's jurisdiction and its imposition of an enhanced
sentence);  United States v. Craycraft, 167 F.3d 451 (8th Cir.
1999) (new claim of ineffective assistance of counsel due to
failure to effect appeal would not relate back to earlier
ineffective assistance claim contesting failure to pursue
downward departure and characterization of drugs); United States
v. Duffus, 174 F.3d 333 (3rd Cir.), cert. denied, --- U.S. ----,
120 S.Ct. 163, 145 L.Ed.2d 138 (1999)(ineffective assistance
claim did not relate back to earlier ineffective assistance claim
based on other grounds); United States v. Lopez, 2000 WL 1229393
(S.D.N.Y. August 29, 2000) (new claim asserting court's failure
to adjust downward for acceptance of responsibility did not
relate back to earlier claims that court failed to explain
supervised release and failed to depart based on post-conviction
rehabilitation).

     Application of these principles here show that the proposed
Booker claim (whatever it may be) cannot relate back to the
original ineffective assistance of counsel allegations.  Unlike
the original claims, the proposed amendment relates to the
constitutionality of the entire proceeding rather than the
specific errors in judgment allegedly made by trial counsel.  Any

<u>Booker</u> violation is therefore a separate occurrence in "time and type" from the ineffective assistance claims originally alleged. Because that fact shows that the proposed amendment would be futile, the Motion to Amend should be denied.  <u>E.g.</u>, <u>Arrillaga-Belandez v. Correa-Martinez</u>, 903 F.2d 49, 59 (1st Cir. 1990) ("[w]here an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters").

### CONCLUSION

     The proposed <u>Booker</u> amendment is specious.  The defendant received a fair trial in which the jury made the drug weight findings on which his sentence was based.   Because the proposed amendment is frivolous, the motion for leave to amend should be denied.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:  <u>/s John A. Wortmann, Jr.  </u>
                              JOHN A. WORTMANN, JR.
                              Assistant U.S. Attorney
                              (617) 748-3207

                    <u>CERTIFICATE OF SERVICE</u>

     I, JOHN A WORTMANN, JR., Assistant U.S. Attorney, do hereby certify that I have this 16th day of February , 2005, served the copy of the foregoing by mail to the Petitioner.

                               <u>/s John A. Wortmann, Jr.</u>
                              JOHN A. WORTMANN, JR.
                              Assistant U.S. Attorney

EXHIBIT A

PLEA AGREEMENT[3]

_____

[3]  The signed agreement was submitted to the court at the
time of the Rule 11 hearing in this case.



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

April 28, 2003

Leo Sorokin
Office of the Federal Defender
408 Atlantic Avenue
Boston, MA 02109

> **Re: <u>United States v. Anthony Zanuccoli</u>**
> **Criminal No. 02-10149-JLT**

Dear Mr. Sorokin:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Anthony Zanuccoli ("Defendant"), in the above-captioned case.  The Agreement is as follows:

1. <u>Change of Plea</u>

At the earliest practicable date, but in no event later than May 30, 2003, Defendant shall plead guilty to Counts One, Two and Three of the Indictment in this matter.  Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One, Two, and Three of the Indictment and is in fact guilty of those offenses. Defendant acknowledges that an Information has been filed in this case pursuant to 21 U.S.C. § 851 and agrees to the facts set

12

forth therein.

2.  <u>Penalties</u>

Defendant faces the following minimum mandatory and maximum penalties on each of Counts One and Two of the Indictment: a minimum mandatory term of imprisonment of life, a fine of up to $2,000,000, at least a 6-year term of supervised release and a maximum of life, and a $100 Special Assessment.

Defendant faces the following maximum penalties on Count Three of the Indictment: a maximum term of imprisonment of 30 years, a fine of up to $ 2,000,000, at least a 6-year term of supervised release and a maximum of life, and a $100 Special Assessment.

3.  <u>Sentencing Guidelines</u>

The parties agree to take the following positions at sentencing with regard to offense conduct and adjustments under the United States Sentencing Guidelines ("Sentencing Guidelines"):

(A)  <u>Base Offense Level</u>

The parties agree that the distribution charged in Count Two of the Indictment and the conspiracy charged in Count One of the Indictment resulted in the death of Melanie Thompson and that Defendant's Base Offense Level is therefore 38 pursuant to U.S.S.G. 2D1.1(a)(2) and that, absent the filing of a motion under U.S.S.G. § 5K1 and 18 U.S.C. §3553(e), he is subject to a mandatory minimum sentence of life imprisonment.  The defendant waives any claim he has under <u>Apprendi v. New Jersey</u>, U.S.S.G. § 2D1.1, or on any other basis to have these determinations made by the jury at trial.

4.  <u>Agreed Disposition</u>

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

a)    incarceration for a period of 240 months;

b)    a period of supervised release of six years;

c)    no fine (based on Defendant's inability to pay); and,

13

d)    a $300 mandatory special assessment.

The U.S. Attorney has agreed to the appropriateness of this disposition based, in part, upon Defendant's acceptance of responsibility for the offenses in this case.  Defendant shall be in breach of this Agreement if Defendant:

(1)    Fails to admit a complete factual basis for the plea at the time it is entered;

(2)    Denies involvement in the offenses specified in paragraph one to which Defendant is pleading guilty, denies that the overdose death of Melanie Thompson is attributable to him, gives conflicting statements about his involvement, or is untruthful with the Court or U.S. Probation Office;

(3)    Denies criminal responsibility for the conduct charged in the offenses specified in paragraph one to which Defendant is pleading guilty, such as by claiming that such conduct was the result of negligence or mistake;

(4)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case after the date he enters into this Agreement;

(5)    Engages in acts after the execution of this Agreement which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(6)    Engages in criminal conduct after the date he enters into this Agreement; and/or,

(7)    Attempts to withdraw his guilty plea or otherwise acts in a manner which is materially inconsistent with acceptance of responsibility for any of the offenses in this case after the date he enters into this Agreement.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

14

5.  <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal.  Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1)  Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and,

(2)  The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines or application of minimum mandatory sentences; and,

(3)  Any aspect of his conviction or sentence in any post-conviction proceeding.  Defendant waives any right to seek a post-conviction reduction of his sentence based upon the post-sentencing vacation of any prior state or federal criminal convictions.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of

15

the United States as set forth in 18 U.S.C. § 3742(b), and the
U.S. Attorney therefore retains his appeal rights.

    7.   <u>Cooperation</u>

      a.   <u>Terms of Cooperation</u>

Defendant agrees to cooperate fully with law enforcement
agents and government attorneys.  He must provide complete and
truthful information to all law enforcement personnel.  If his
testimony is requested, he must testify truthfully and completely
before any grand jury, and at any hearing and trial.  Defendant
must answer all questions put to him by any law enforcement
agents or government attorneys and must not withhold any
information. He must not attempt to protect any person or entity
through false information or omission, or to implicate falsely
any person or entity.  Upon request, he must furnish all
documents, objects and other evidence in his possession, custody
or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel
present when communicating with representatives of the government
concerning the criminal conduct with which he has been charged.
To facilitate his cooperation, Defendant hereby knowingly and
voluntarily waives this right with respect to all debriefings by
law enforcement agents and government attorneys and all
appearances to testify.  This waiver may be revoked at any time
by a specific request by Defendant or his counsel without
otherwise affecting the terms or enforceability of this
Agreement.

To enable the Court to have the benefit of all relevant
sentencing information, Defendant waives any rights he may have
to prompt sentencing and will join in any requests by the U.S.
Attorney that sentencing be postponed until Defendant's
cooperation is complete.  Defendant understands that the date of
Defendant's sentencing is within the sole discretion of the Court
and that this Agreement may require Defendant's cooperation to
continue even after Defendant has been sentenced.  Defendant's
failure to continue to cooperate pursuant to the terms of this
Agreement after sentence is imposed shall constitute a breach of
this Agreement by Defendant.

      b.   <u>Substantial Assistance Motion</u>

In the event that Defendant provides substantial assistance
in the investigation or prosecution of another person who has
committed a criminal offense, the U.S. Attorney agrees that, at

or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, and if the U.S. Attorney determines it to be appropriate, 18 U.S.C. § 3553(e) so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines and the relevant statutes.  The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review.  The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 7(a) above, or engages in any criminal conduct after the date he signs this Agreement.

        c.    <u>Sentence Recommendation with Substantial Assistance</u>

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 7(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant.

        d.    <u>Letter Immunity</u>

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated February 15, 2002 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence.  The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case.  All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto.  Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

8.    <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.  Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement.  If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or the Defendant.  In this regard, the Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

9.    <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10.    <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11.    <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the

law, irrespective of whether he elects to be released from his
commitments under this Agreement.  Further, the U.S. Attorney may
pursue any and all charges which have been, or are to be,
dismissed pursuant to this Agreement.  Defendant recognizes that
no such breach by him of an obligation under this Agreement shall
give rise to grounds for withdrawal of his guilty plea.
Defendant understands that, should he breach any provision of
this agreement, the U.S. Attorney will have the right to use
against Defendant before any grand jury, at any trial or hearing,
or for sentencing purposes, any statements which may be made by
him, and any information, materials, documents or objects which
may be provided by him to the government subsequent to this
Agreement without any limitation.  In this regard, Defendant
hereby waives any defense to any charges which he might otherwise
have under any statute of limitations or the Speedy Trial Act.

12.  <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

13.  <u>Complete Agreement</u>

This letter and the proffer letter dated February 15, 2002
contain the complete agreement between the parties.  No promises,
representations or agreements have been made other than those set
forth in this letter and the proffer letter dated February 15,
2002.  This Agreement supersedes prior understandings, if any, of
the parties, whether written or oral.  This Agreement can be
modified or supplemented only in a written memorandum signed by
the parties or on the record in court.

If this letter accurately reflects the Agreement between the
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.  Please also sign below as
Witness.  Return the original of this letter to Assistant U.S.
Attorney John A. Wortmann, Jr.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:_____
                              JAMES B. FARMER
                              Assistant U.S. Attorney

                              19

                                    Chief,
                                    Criminal Division

                                    STEPHEN P. HEYMANN
                                    Assistant U.S. Attorney
                                    Deputy Chief,
                                    Criminal Division

                                    JOHN A. WORTMANN, JR.
                                    Assistant U.S. Attorney


                    ACKNOWLEDGMENT OF PLEA AGREEMENT

        I have read this letter in its entirety and discussed it
with my attorney.  I hereby acknowledge that it fully sets forth
my agreement with the United States Attorney's Office for the
District of Massachusetts.  I further state that no additional
promises or representations have been made to me by any official
of the United States in connection with this matter.  I understand
the crimes to which I have agreed to plead guilty, the maximum
penalties for those offenses and Sentencing Guideline penalties
potentially applicable to them.  I am satisfied with the legal
representation provided to me by my attorney.  We have had
sufficient time to meet and discuss my case.  We have discussed
the charges against me, possible defenses I might have, the terms
of this Plea Agreement and whether I should go to trial.  I am
entering into this Agreement freely, voluntarily, and knowingly
because I am guilty of the offenses to which I am pleading guilty
and I believe this Agreement is in my best interest.


                                    _____
            `                       ANTHONY ZANUCCOLI
                                    Defendant

                                    Date:


        I certify that Anthony Zanuccoli has read this agreement to
him in its entirety and that we have discussed its meaning.  I
believe he understands the Agreement and is entering into the
Agreement freely, voluntarily and knowingly.

                            20

_____
LEO SOROKIN, ESQ.
Attorney for Defendant


Date:_____