UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHAMOND HENDERSON** )<br>)<br>v.           )<br>)<br>**UNITED STATES OF AMERICA** )<br>) | Civil No. 04-40119-NMG |

**GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION TO AMEND**

Chamond Henderson ("Petitioner") has moved to amend his 28 U.S.C. § 2255 petition. The proposed amendment apparently seeks to add a Booker claim to a 2255 Petition that otherwise asserts that all of the counsel who represented him in his underlying case provided him with ineffective assistance of couinsel.[1]

The government opposes the motion to amend. Because Henderson's 20-year sentence was governed by jury findings regarding the amount of crack cocaine for which he was responsible and by prior convictions that were already the subject of a due process claim on direct appeal, this case raises no Blakely-Fanfan/Booker issues. Because the proposed amendment would therefore be futile and in anyevent is untimely as a matter of law, leave to amend should be denied.

**ARGUMENT**

The law applicable to motions seeking to amend pleadings in

---

[1] The motion to amend is one-page long and provides the court with no information about the proposed amendment, why (if at all) it is different than the Apprendi argument raised on direct appeal, and why it should be permitted at this late date.

1

civil actions is straightforward.[2]  These motions are committed to the discretion of this Court.  E.g., Demars v. General Dynamics Corp., 779 F.2d 95, 99 (1st Cir. 1985); Farkas v. Texas Instruments, Inc., 429 F.2d 849, 851 (1st Cir. 1970).  Although leave to amend is normally to be freely given, it can be withheld for any legitimate reason.  E.g., Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. Cir. 1994).  Such reasons can include the futility of the proposed amendment.  E.g., Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir.1995).

   The amendment proposed in this case should be denied because it is futile and not advanced in good faith.  The proposed amendment seeks to add some sort of Booker claim based on a perceived constitutional violation in connection with the defendant's sentencing.  Yet, the defendant's sentencing was based on: (i) a jury verdict in which the jury made specific drug weight allegations as required by the underlying indictment; and (ii) the defendant's criminal history (the fact of which was undisputed) and was in any event fully litigated in the underlying case and on direct appeal.  See United States v.

---

   [2]  The First Circuit has recognized that the Federal Rules of Civil Procedure applies to efforts to amend 2255 Petitions. See Rogers v. United States, 180 F.3d 349 (1st Cir. 1999).  See also 28 U.S.C. § 2242 (permitted Petitions to be amended or supplemented as provided in the rules applicable to civil actions); Rule 12 of the Rules Governing Section 2255 Proceedings(permitting court to apply rules governing civil actions to 2255 proceedings).

Henderson, 320 F.3d 92, 110 (1st Cir. 2003) (Apprendi does not apply to sentencing enhancements based on prior convictions), cert. denied, 539 U.S. 936 (2003).  Because Booker has no application to sentences based on a jury verdict or ciminal history matters, the motion to leave to amend should be denied. See Blakely, 124 S. Ct. at 2537 (The Supreme Court thus found unconstitutional the imposition of a sentence under the Washington state system that was based on facts "neither admitted by [the defendant] nor found by a jury."). See also United States v. Leach, 325 F.Supp.2d 557, 559 (E.D. Pa 2004) (applying school zone and firearms enhancement to case in which defendant admitted to underlying facts; court noted that "in cases where a court, applying the Guidelines as they were intended, finds that there are no applicable upward adjustments under the Guidelines beyond the admitted facts or the jury verdict on the elements of the offense, the Guidelines are constitutional and should be applied"); United States v. Fotiades-Alexander, __ F.Supp.2d. __, 2004 WL 1845552 (E.D. Pa. August 12, 2004) (applying enhancements for amount of loss, vulnerability of victim and position of trust and responsibility based on statements admitted by defendant at plea hearing).

    There is of course a more fundamental reason for denying the requested motion based its obvious futility-that the defendant's sentence was based on the application of a mandatory minimum

sentence and was therefore not a guideline sentence at all. Because the law is clear that neither <u>Blakely</u> nor <u>Booker</u> has any application to such cases, the motion to amend should be denied.

By its terms, <u>Blakely</u> did not overrule <u>McMillan v. Pennsylvania</u>, 477 U.S. 79 (1986) or <u>Harris v. United States</u>, 536 U.S. 545 (2002). 2004 WL 1402697, at *5. In <u>Harris</u>, the Court reaffirmed the holding of <u>McMillan v. Pennsylvania</u>, that a fact that increases a statutory <u>minimum</u> sentence within the authorized range may be found by the sentencing judge by a preponderance of the evidence, and limited the <u>Apprendi</u> rule to facts that increase a statutory maximum. 536 U.S. at 568-569; <u>id</u>. at 556-568 (opinion of Kennedy, J.); <u>id</u>. at 569-572 (opinion of Breyer, J.); <u>see also</u> <u>Blakely</u>, 2004 WL 1402697, at *5 (distinguishing <u>McMillan</u>). Pre-<u>Blakely</u> law in this Circuit concerning the application of <u>Harris</u> to sentences under Title 21 will thus continue to apply. <u>See</u> <u>United States v. Goodine</u>, 326 F.3d 26, 29-31 (1st Cir. 2003) (" a judge's determination of drug quantity can influence the mandatory minimum sentence imposed, and such incremental changes in the minimum are typical sentencing provisions determined by the judge"). <u>Compare</u> <u>United States</u> v. <u>Luciano</u>, 311 F.3d 146, 154 (2d Cir. 2002) (claim that the imposition of a mandatory minimum sentence under 21 U.S.C. 841(b) without a jury finding violates <u>Apprendi</u> "is not tenable after <u>Harris</u>") <u>with</u> <u>United States</u> v. <u>Velasco-Heredia</u>, 319 F.3d 1080,

4

1085 (9th Cir. 2003) (<u>Harris</u> does not apply to imposition of mandatory minimum sentence under 21 U.S.C. 841(b) because, unlike 18 U.S.C. 924(c), finding which increases mandatory minimum sentence under Section 841(b) also exposes defendant to higher statutory maximum).

Post-<u>Blakely</u> cases specifically dealing with mandatory minimums such as <u>Spero v. United States</u>, 2004 WL 1516863 (11th Cir. July 8, 2004) (per curiam), support this position. Spero was convicted of heroin trafficking under 21 U.S.C. §841. At sentencing, the Court made a judicial finding by a preponderance of the evidence that Spero's distribution had resulted in the death of a heroin user and imposed the 20-year mandatory minimum required by 21 U.S.C. §841(b)(1)(C). On a subsequent section 2255 motion, however, the district court concluded that <u>Apprendi</u> required the government to prove the overdose at trial and reduced the sentence to 60 months (the otherwise applicable guideline sentence without considering the overdose death). The government appealed that decision to the Eleventh Circuit.

In a decision which confirms one of the fundamental limitations recognized by Justice Scalia's opinion for the Court in <u>Blakely</u>, the Court of Appeals reversed. It held that, because the 20 year mandatory minimum sentence originally imposed by the district court did not exceed the otherwise applicable statutory maximum, there was no <u>Apprendi</u> error. This is of course the law

5

in this circuit as well. E.g., United States v. Eirby, 262 F.3d 31, 37 (1st Cir.2001) (Apprendi does not effect the application of a mandatory minimum sentence in drug cases where the resulting sentence was less than 240 months; court noted that Apprendi taken pains to preserve the authority of McMillan v. Pennsylvania, 477 U.S. 79, 81-84, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) which upheld a state statute that required a mandatory minimum sentence based solely on a judge's preponderance-of-the-evidence findings and concluded that the mere imposition of a mandatory minimum did not by itself implicate the due process issues raised by Apprendi); United States v. Robinson, 241 F.3d 115, 123 (1st Cir. 2001)("since McMillan clearly allows a fact that triggers a mandatory minimum sentence to be found by a judge using a preponderance-of-the-evidence standard as long as the mandatory minimum does not exceed the otherwise applicable statutory maximum, it forecloses [any argument that such mandatory minimums violate Apprendi]"). See also United States v. Harris, 122 S.Ct 2406 (2002)(mandatory sentences contained in 18 U.S.C. s 924 (c) remain sentencing factors so long as the sentence fall within the statutory maximum); United States v. Giluardo-Parra 340 F.Supp.2d 1243, 1246 (D. Utah 2004) (Blakely does not impact the application of minimum mandatory sentences)

    Here, of course, the terms of the jury verdict demonstrate

that there could also be no legitimate Sixth Amendment claim because the it was the jury that made the drug weight findings based on the allegations of the indictment.

Apart from all its other defecienceies, the motion is also untimely because a <u>Booker</u> claim is unrelated to the original allegations and hence cannot relate back under the plain terms of Federal Rule of Civil Procedure 15(c).

The <u>Booker</u> claim is being proposed more than two years after the defendant's conviction was final and thus more than a year after the one-year period made applicable to 2255 claims as a result of Congress's enactment of the AEDPA expired.  Hence, the proposed amendment can be timely only if it relates back to the original Petition within the meaning of Federal Rule of Civil Procedure 15(c) or if <u>Booker</u> was intended by the Supreme Court to apply retroactively on collateral review.

The latter argument has been foreclosed in this circuit. The First Circuit has already concluded that <u>Apprendi</u> and <u>Blakely</u> does not apply retroactively on collateral review. <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 15 (1st Cir. 2000) ("[I]t is clear that the Supreme Court has not made the rule [in Apprendi ] retroactive to cases on collateral review....). in <u>Cuevas v. Derosa</u>, 2004 WL 2367356 (1st Cir. October 22, 2004). denying an application for leave to file a second or successive 2255 petition because the Supreme Court has not yet made <u>Blakely</u>

retroactive to cases on collateral review).  The same rule applies to Booker claims at least until the Supreme Court or the First Circuit says differently.  Thus, the proposed amendment is untimely unless there is some way to conclude that it was brought within the applicable limitations period.  See generally Talbot v. State of Indiana, 2000 WL 1268166, at *1 (7th Cir. Sept. 7, 2000)(Until the Supreme Court declares that Apprendi applies retroactively on collateral attack, "prisoners should hold their horses and stop wasting everyone's time with futile applications.").

    The Petitioner's only hope to save the proposed amendment would be to argue that the relation back provisions of Rule 15(c) of the Federal Rules of Civil Procedure are applicable in this case.  FRCP Rule 15(c) permits an amendment to relate back only if it arises out of the same "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In the context of 2255 Petitions, this requires more than the mere fact that the new claim arises out of the same trial or sentencing proceedings as the original claim. E.g., United States v. Davenport, 217 F.3d 1341, 1343 (11th Cir. 2000).  In addition, a Petitioner seeking to have a revised 255 claim relate back must also show that the untimely claim arose from the "same set of facts" as the original. Id. Relation back cannot occur when, as here, the two claims arise from separate occurrences in both time

and type. E.g., United States v. Pittman, 209 F.3d 314, 318 (4th Cir.2000) (proposed claim of ineffective assistance of counsel could not relate back to original filing which contested District Court's jurisdiction and its imposition of an enhanced sentence); United States v. Craycraft, 167 F.3d 451 (8th Cir. 1999) (new claim of ineffective assistance of counsel due to failure to effect appeal would not relate back to earlier ineffective assistance claim contesting failure to pursue downward departure and characterization of drugs); United States v. Duffus, 174 F.3d 333 (3rd Cir.), cert. denied, --- U.S. ----, 120 S.Ct. 163, 145 L.Ed.2d 138 (1999)(ineffective assistance claim did not relate back to earlier ineffective assistance claim based on other grounds); United States v. Lopez, 2000 WL 1229393 (S.D.N.Y. August 29, 2000) (new claim asserting court's failure to adjust downward for acceptance of responsibility did not relate back to earlier claims that court failed to explain supervised release and failed to depart based on post-conviction rehabilitation).

Application of these principles here show that the proposed Booker claim (whatever it may be) cannot relate back to the original ineffective assistance of counsel allegations. Unlike the original claims, the proposed amendment relates to the constitutionality of the entire proceeding rather than the specific errors in judgment allegedly made by trial counsel. Any

9

Booker violation is therefore a separate occurrence in "time and type" from the ineffective assistance claims originally alleged. Because that fact shows that the proposed amendment would be futile, the Motion to Amend should be denied. E.g., Arrillaga-Belandez v. Correa-Martinez, 903 F.2d 49, 59 (1st Cir. 1990) ("[w]here an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters").

## CONCLUSION

The proposed Booker amendment is specious. The defendant received a fair trial in which the jury made the drug weight findings on which his sentence was based. Because the proposed amendment is frivolous, the motion for leave to amend should be denied.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:  /s John A. Wortmann, Jr.
>      JOHN A. WORTMANN, JR.
>      Assistant U.S. Attorney
>      (617) 748-3207

## CERTIFICATE OF SERVICE

I, JOHN A WORTMANN, JR., Assistant U.S. Attorney, do hereby certify that I have this 16th day of February , 2005, served the copy of the foregoing by mail to the Petitioner.

>  /s John A. Wortmann, Jr.
> JOHN A. WORTMANN, JR.
> Assistant U.S. Attorney