```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          v.                  ) CIVIL NO. 04-40119-NMG[1]
                              )
CHAMOND HENDERSON             )
                              )
```

### RESPONSE TO REQUEST FOR COUNSEL AND OPPOSITION TO MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. §3582(C)

The government is in receipt of the defendant's motion for a sentence reduction under 18 U.S.C. §3582(c).  In it, the defendant contends that his September 21, 2001 Sentencing was based on crack cocaine offenses and that he is therefore entitled to a sentence reduction as a result of the 2007 Amendments to the crack provisions of U.S.S.G. §2D1.1 and the Sentencing Commission's decision to apply those revisions retroactively.  He also asks for counsel to be retained fo him because of the "complexity of legal issues with the "crack vs. powder cocaine disparity and asks the Court whether, in view of all the changes in the governing legal landscape, "would the Court have imposed the 240 month enhanced sentence?"  Motion at 2.

The answer to the defendant's question is of course "yes." The reason that the government can state that with such

---

[1] Henderson has filed his motion to reduce sentenc in the civil action he instituted in 2004 in order to collaterally attack his conviction and sentence.  The government is also filing this response in that action even though it appears that both pleadings should be filed in the original criminal case denominated <u>United States v. Henderson</u>, Criminal No. 99-40004-NMG.

confidence is the defendant's sentence was driven by the mandatory minimum contained in 21 U.S.C. §841(b)(1)(A) and the fact that then defendant had at least one prior drug trafficking conviction.  What all that means is that the defendant's sentence was governed in all respects by the mandatory minimum of 240 months that applied in this case and dictated the result at sentencing.

The defendant's motion therefore fails as a matter of law because he was sentenced under the 20-year mandatory minimum contained in 21 U.S.C. §841(b(1)(A) as one or more of his offenses of conviction involved at least 50 grams of cocaine base, a/k/a "crack cocaine" and he had a prior drug trafficking conviction.  These statutory provisions are unaffected by the 2007 Crack Cocaine Amendments to the United States Sentencing Guidelines and the defendant's 20-year sentence must therefore stand as a matter of law.  E.g. United States v. Draughon, 2008 WL 320775 (S.D. Ohio 2008) ("defendant is not entitled to a reduction of her sentence of 120 months, which is the mandatory minimum sentence required for an offense involving over fifty grams of cocaine base"); United States v. Thurman, 2008 WL294537 (D. Me. 2008) ("After reviewing the file, the Court has determined that this Defendant was sentenced to 120 months because that is mandatory minimum sentence allowed under 21 U.S.C. § 841(b)(1)(A). Because this sentence is required by

statute, the Court may not reduce the sentence even if the amended Guidelines would yield a lower Guideline range."); United States v. Lloyd, 2008 WL2120786 (D. Colo. 2008)("the Defendant was sentenced to a mandatory minimum sentence as required by statute, therefore, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)"); United States v. Weston, 2008 WL 1722139 (W.D. Pa. 2008) ("because § 841's mandatory minimum sentence... precludes Amendment 706 's application here, I do not have any authority to impose a new sentence"). See also U.S.S.G. §1B1.10 (a)(2)(B) and Application Note 1(a) (a reduction is not consistent with this policy statement and is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment does not have the effect of lowering defendant's applicable guideline range, as in cases where the statutory mandatory minimum term of imprisonment controls); Kimbrough v. United States, --- U.S. ----, 128 S.Ct. 558, 574, 169 L.Ed.2d 481 (2007) (noting that district courts remain "constrained by the mandatory minimums Congress prescribed in the 1986 Act").

Henderson has also requested the appointment of counsel in this matter because of the"complexity" of the matters at issue. The government takes no position on that request here other than to say that, because it is undisputed that the defendant's sentence was driven by a statutory mandatory minimum sentence, he simply cannot be entitled to the relief that he seeks and that

the appointment of private counsel would appear to serve no purpose. See <u>United States v. Walker</u>, 2008 WL 2312724 (W.D. Mich. 2008)(denying motion for appointment of counsel where Court correctly noted that it lacked "authority to reduce a sentence below the mandatory minimum").  <u>Accord</u>, <u>United States v. Draughton</u>, 2008 WL 3207075 (S.D. Ohio 2008); <u>United States v. Neemia</u>, 2008 WL 2437727 (D. Hawaii 2008); <u>United States v. Walker</u>, 2008 WL 1882689 (N.D. Iowa 2008).

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  <u>/s/ John A. Wortmann, Jr.</u>
     JOHN A. WORTMANN, JR.
     Assistant U.S. Attorney
     One Courthouse Way
     Boston, MA 02210
     (617)748-3207

**CERTIFICATE OF SERVICE**

    I, John A. Wortmann, Jr., do hereby certify that a copy of the foregoing was served on Chamond Henderson by mail on June 21, 2008.

        <u>/s/ John A. Wortmann, Jr.</u>
        JOHN A. WORTMANN, JR.